BADON *vs.* BADON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parol testimony is admissible in contradiction to a written instrument, to prove facts which are merely inductive to the main facts required to be proved.

This action was brought by Mrs. Badon, to recover of the brother of her deceased husband, the value of certain buildings and of their rents, and other effects of her deceased husband, of which his brother had taken and retained possession.

The plaintiff avers that there existed a community of goods between her and Raymond Badon, her husband, when the latter died in January, 1831, leaving from their marriage an only child, named Thomas Badon, who died after his father, and from whom she inherited.

. That by an act of sale which was executed before a notary, on the 23d of February, 1829, Noel Badon, the brother of the plaintiff's husband, appeared to have purchased from Mr. Jean François Canonge, a parcel of land composed of three lots of ground, situated in the city of New-Orleans, suburb St. Mary, in Gravier and Common streets, and marked numbers 107, 108 and 109.

That the defendant fraudulently used all the means in his power to induce Raymond Badon, to consider the property as his own, by suffering him to take an actual possession of the same, as being the true owner thereof, to erect thereon buildings, banquettes and inclosures, for which his said brother paid with his own money about two thousand dollars, and also, with his own funds, he paid the first of the promissory notes which were given for the consideration of the said sale, amounting to five hundred and forty dollars.

That the defendant retained possession of the land, and

BADON
*vs.*
BADON.

of all the buildings, banquettes and inclosures, which were erected thereon by his deceased brother.

The defendant pleaded the general denial; that he had expended a large sum of money in erecting the said buildings; that he had never been put *in morâ* by the plaintiff with regard to the delivery to her of said buildings, and that his brother had never paid the said note.

The notary before whom the act of sale of the land was passed, testified that he received instructions to prepare an act of sale of the lots referred to, from J. F. Canonge to Raymond Badon; that early in February, 1829, Raymond Badon called two or three times prepared to execute the act, and he thinks left the notes, but of this he is not positive; the act was not drawn up when he called; the act being prepared on 23d February, 1829. The vendor and Noel Badon met at the notary's. Raymond Badon being absent from the city, the act was drawn in favor of Raymond Badon, as vendee; the notes were signed by Noel Badon. The vendor objected to the apparent inconsistency of the sale being in favor of Raymond Badon, and the purchase notes being signed by Noel Badon; there was also a difficulty suggested as to recording the mortgage, as it appeared that Noel Badon had no power of attorney in writing from his brother. A clerk in the notary's office suggested the expedient of making the title to Noel Badon, and that he could convey to his brother, when he came to the city. Noel objected, that his notes would be given, for which he would be bound; but on being reminded of the four hundred dollars cash payment, which would so far protect him, agreed to the arrangement; accordingly, the name of Raymond was struck out of the act of sale, and that of Noel inserted, and in this form the act was executed.

Judgment was rendered for the plaintiff for two thousand four hundred and forty-six dollars. The defendant appealed.

*D. Seghers*, for plaintiff and appellee.

I. This is an action of debt, and oral testimony is, therefore admissible.

2. The judgment appealed from on a question of fact,
prevails in the Supreme Court, unless manifestly erroneous.
See the numerous decisions of the Supreme Court on this
point, quoted in *Christy's Digest, page* 99.

*Canon,* contra.

Mathews, J., delivered the opinion of the court.

In this case the widow of Raymond Badon, claims certain
sums of money, which she alleges were paid by her husband,
to the use and for the benefit of the defendant. She sues as
surviving partner of matrimonial acquets and gains, and as
heir to an only child, product of the marriage, who died since
the decease of his father. The plaintiff obtained judgment
in the court below, from which the defendant appealed.

The evidence of the case establishes the capacities of the
petitioner, as partner in the community and heir to her child.
The claim, according to the allegations of the petition,
arises out of a fraudulent use of the funds of the deceased
husband by the defendant, in the purchase of certain lots of
ground in the faubourg St. Mary, which, although in truth
and reality were purchased by Raymond Badon, his brother
Noel, the defendant, contrived by unfair means to obtain the
title in his own name, and used in payment of the price
money belonging to his brother to the amount of nine hundred
and forty dollars, and suffered the latter to expend large
sums in buildings and improvements of said lots, under
pretext that the title should be conveyed to him, &c.

The testimony, as it appears on the record, fully supports
the judgment of the District Court. The only question in
the case, is, whether it was properly admitted.

It was excepted to on the part of the defendant, as tending
to prove facts contrary to the written evidence of title, which
shows the property in question to belong to the defendant,
It is true that many of the circumstances stated by the wit-
nesses, are in opposition to the act of sale by which the
defendant is shown to be the purchaser and consequently

33

legal owner.   But it must be recollected that he is charged with fraud or unfaithfulness to the interest of his brother in the transaction; a violation of the trust and confidence which had been placed in him, and this want of good faith, could probably be established by no other means except testimonial proof.   The testimony was not received to invalidate the written act, and does not appear to have been used in the discussion of the cause for that purpose.   The facts detailed by the witnesses, in contradiction to the written title of the defendant, are merely inductive to the main facts required to be proven, viz. the use made by Noel Badon of the funds of his brother Raymond, in making the purchase and allowing or inducing the latter to build on and improve the property as if it were his own, or under pretext that the title would be conveyed to him in due time.   Under these circumstances, we are of opinion that the court below did not err in receiving the testimony.

*Parol testimony is admissible in contradiction to a written instrument, to prove facts which are merely inductive to the main facts required to be proved.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.