IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

WESTERN DISTRICT.
ALEXANDRIA, OCTOBER, 1834.

## COMPTON ET ALS. *vs.* PEARCE.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

A party who propounds interrogatories to be answered *in open court*, but
neglects to have a day fixed on which the adverse party is to answer,
waives his right to have them taken *pro confesso* if they be not answered.

Either party has the right of having his interrogatories answered in open
court, and in his presence. No order of court is necessary, as it is a
right the law gives.

The Code of Practice requires the answer to be made when both parties
are in court; and as the answer is for the benefit of the party provoking
it, he should take the means required by law, and have the day fixed.

WESTERN DIST.
*October*, 1834.

COMPTON ET ALS.
*vs.*
PEARCE.

The plaintiffs instituted suit on several promissory notes,
executed by the defendant, amounting to the sum of two
thousand three hundred and sixteen dollars fifty nine cents,
with interest thereon, at ten per cent. per annum, from the
several periods when said notes became due, until paid.

The defendant avers that the notes sued on, were given as part of the price of four hundred arpents of land; and that the quantity of land sold is ascertained to be less, by nearly two hundred arpents, than that purchased. He further states, that he has already paid more than the *pro rata* portion of what land remains, the difference of which he is entitled to demand in reconvention. He prays for an order of survey, to ascertain the precise quantity of land he has received, and for a diminution of price in proportion to the deficiency in quantity.

The defendant annexed several interrogatories to his answer, to show the notes sued on were given for part of the price of four hundred arpents of land, and to prove several payments. He required the plaintiffs to be ruled, to answer the interrogatories *in open court, and on oath.* He annexed his affidavit that the answers of the plaintiffs, to his interrogatories were material.

"Upon which the court ordered, that the foregoing interrogatories should be answered."

The deed of sale to the defendant, expressed the price and consideration of the land alleged to have been purchased, to be five thousand dollars, which sum is acknowledged to have been paid in hand at the time of the contract.

No day being fixed to answer the interrogatories, the plaintiffs did not answer them. The district judge rendered judgment for the plaintiffs for the sum claimed, with interest and costs. The defendant appealed.

1. *Winn,* for the plaintiffs, contended, that the defendant had propounded certain interrogatories to be answered by the plaintiffs, and obtained an order, but fixed no day on which to have them answered. They must now be considered as a nullity and cannot be taken as confessed. His right to have them answered is waived by this omission. *Code of Practice,* 351, 2 *La. Reports,* 72.

2. The act of sale to the defendant of the land in question, shows it was made for cash. It contradicts the defence set up, that it was made on a credit and must prevail.

*Boyce & Barry*, for the defendant; showed that the plaintiffs sold to the defendant, four hundred arpents of land, for which the latter bound himself to pay a full price and consideration; but has since ascertained that near half the quantity purchased, is covered by an adverse claim, which entitles him to a large deduction from the price agreed on.

2. The court ordered the interrogatories to be answered; and the plaintiffs were bound to have the day fixed, on which they should make their answer in open court, in obedience to the order.

3. The plaintiffs having failed to answer the interrogatories as required, they must be taken as confessed by them.

*Martin, J.*, delivered the opinion of the court.

A single question is presented to the court in this case, viz: whether a party who propounds interrogatories, and requires them to be answered *in open court,* but neglects to apply to the judge to have a day named on which they are to be answered, waives his right to have them taken ·*pro confesso,* if they be not answered.

*This margin note:* A party who propounds interrogatories to be answered *in open court*, but neglects to have a day fixed on which the adverse party is to answer, waives his right to have them ·taken *pro confesso* if they be not answered.

This question was solved in the affirmative, in the case of ˝*Stewart* vs. *Carlin, 2 La. Reports,* 72.

The only difference which exists between that case, and the present is, that the prayer in the first for the interrogatories to be answered in open court, was not acted upon by the court, while in the case before us, the court ordered the interrogatories to be answered.

It appears to the court, that the difference does not authorise a distinction. Either party has the right of having his interrogatories answered in open court, and in his presence, if he requires it. No order of court is required to entitle him to a right which the law gives him absolutely. The obligation of the party to whom the interrogatories are propounded to answer them in open court, is not increased by the order. It is, therefore, clear, that a useless order cannot distinguish the case in which it is made, from one in which it is not made.

*Margin note:* Either party has the right of having his interrogatories answered in open court, and in his presence. No order of court is necessary, as it is a right the law gives.

The counsel of the appellant have, however, requested us to reconsider the decision in the case cited, as it stands alone

WESTERN DIST.
October, 1834.

COMPTON ET ALS.
vs.
PEARCE.

as a solitary one. He has urged upon the court, that the *Code of Practice*, art. 351, requires, indeed that the interrogatories which are required to be answered in open court, should be answered on the *day appointed to that effect by the judge,* but it does not make it the duty of the party interrogating to provoke the appointment of the day. He has insisted that it is the duty of the party who is required to answer, to provoke such an appointment, which he considers is made for the convenience of the party called on to answer.

The Code of Practice requires the answer to be made when both parties are in court, and as the answer is for the benefit of the party provoking it, he should take the means required by law, and have the day fixed.

As the Code requires that the answers shall be made at a time when *both* parties are present *in court,* it appears to this court, that the convenience of neither is to be consulted exclusively. The answer is for the benefit of the party interrogating, otherwise he would not require it. If it be for his benefit, and he has an interest to obtain it, it is but fair he should take the means required by law to obtain it.

This court on a reconsideration of the case of *Stewart* vs. *Carlin,* sees no reason to be dissatisfied with the decision then made, and we do not think the District Court erred, in deciding in conformity with it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.