SPENCER vs. SLOO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a judgment, which was rendered in another state on a mortgage,
according to the forms of proceeding there, and which liquidates the
original debt which the mortgage was given to secure, is made the
foundation of a suit here, for the balance which the mortgage property
failed to pay; and the debtor was not in the state, or served with process,
nor appeared either in person, or by attorney to the suit: *Held*, that
such judgment is not evidence of the balance of the debt claimed; but,
that it is still open for a defence on the merits of the original claim.

Parole evidence, although inadmissible to prove title to immoveable property
and slaves, or to destroy such title, yet, it is admissible to establish
collateral facts connected with the transaction.

This is an action founded on a judgment obtained on a
mortgage in a proceeding by *scire facias*, against the mort-
gaged property according to the laws of the state of Ohio.
The plaintiff alleges, there is still a balance due of seven
thousand one hundred and thirty-two dollars on said judg-
ment, for which he prays judgment against the defendant
residing here.

The defendant excepted to his being made liable or held
answerable in relation to the judgment sued on; that it was
obtained by a proceeding *in rem*, to which he was not a party,
and was not served with process; that he never appeared,
either in person or by attorney; and was in fact, not a
resident of the state at the time.

The district judge being of opinion the judgment sued on, was *primâ facie* evidence of the demand,. overruled the exception and required the defendant to answer to the merits.

An answer was put in setting up a defence, founded on a complete discharge of the defendant from the original debt. After hearing the evidence adduced and the arguments of counsel, the District Court gave a judgment for the defendant. The plaintiff appealed.

*G. B. Duncan*, for the plaintiff and appellee.

1. This suit being instituted on a judgment rendered in the state of Ohio, obtained in due form of law, under the statutes of that state between citizens, cannot be impeached in the courts of this state. It is entitled to absolute verity as record evidence. It being proved by competent testimony, that in the courts of Ohio from whence this judgment is taken, would be deemed and taken as record evidence, and conclusive upon the defendant, it should have the same effect here. *Constitution of the United States, article 4, section 1. Act of Congress, 27 May, 1790, chapter 3.* 1 *Peters'- C. Reports,* 74. *Ibid.,* 155. 17 *Massachusett's Reports,* 545, 546. 1 *Dallas,* 191. 7 *Cranch,* 481. 3 *Wheaton,* 234. *Sergeant on Constitutional Law, chapter* 31. 3 *Story's Commentaries on the Constitution of the United States,* 174 to 183.

2. The original judgment in Ohio being rendered on a contract made in that state, between citizens, must be governed by the laws of that state in force at the time, and it is a legal presumption, that the contract was made in reference to those laws. *Story's Conflict of Laws,* 75. 13 *Massachusetts Reports,* 16. 11 *Martin,* 2. 2 *Ibid., N. S.,* 601, 602, 603. 11 *Ibid.,* 608.

3. No contract, subsequent to the original agreement, can be set up as a discharge, if it is alleged or proved that it occurred in the state of Ohio, unless it is legal, and of reciprocal binding force according to the laws of that state. 3 *Dallas,* 371, *note.* 6 *Massachusetts Reports,* 358, *&c.* 7 *Martin, N. S.,* 409.

4. A contract entered into in another state, and to be executed there, must receive in this state the same interpretation as it would have received in that state. 2 *Louisiana Reports*, 115.

5. The object of citation being to give the defendant notice of the pendency of a suit, and a personal privilege not necessary to the jurisdiction of the court, the defendant may waive it, either at the commencement of the suit, or if under the laws of a state which do not require it, he does so when he enters into his contract.

6. The judge erred in admitting testimony to effect this judgment.

7. The judge erred in admitting the testimony of witnesses, or any parole evidence to show, that the original agreement had been discharged by sale of real estate in the state of Ohio to said plaintiff. The laws of that state offered and received in evidence in this case, requiring that all such sales should be in writing and acknowledged.

8. The evidence in the case fully proves the plaintiff's claim as set forth in his petition.

*Worthington, contra.*

*Bullard J.*, delivered the opinion of the court.

The plaintiff sues upon a judgment recovered by him, in the state of Ohio, on a *scire facias*, upon a mortgage given by the defendant, upon a house and lot in Cincinnati. The mortgaged premises having been sold under a writ of *levari facias*, issued in pursuance of that judgment, this suit is instituted to recover the balance adjudged to the plaintiff in that case, and the exemplification of the record is relied on as conclusive evidence of the debt.

The defendant first set up as an exception, that the judgment in question was obtained in a proceeding *in rem*, that it is not pretended he was served with process, or appeared personally or by attorney. He further alleges, that at that time he was not within the jurisdiction of Ohio, and that he had no notice of these proceedings. This exception

being overruled, the defendant pleaded to the merits, and set up a final settlement and discharge, previous to the *ex parte* proceedings in Ohio, and alleges that said proceedings were fraudulent, and the judgment obtained in fraud and violation of his rights.

Judgment being rendered in favor of the defendant, the plaintiff appealed.

The effect of the judgment on the *scire facias*, in Ohio, has been much discussed at the bar, and the statute authorising such proceedings has been produced, together with the opinion of counsel, and adjudicated cases, in the highest court of that state.

The statute authorises a mortgagee to obtain from the Supreme Court, or the County Court of the county in which the premises are situated, a *scire facias* on the mortgagor, to show cause why the mortgaged premises should not be taken in execution, and sold to satisfy the money due and owing, according to the conditions and covenants contained in such mortgage. It provides, that if the defendant on being returned summoned, or on two writs of *scire facias*, returned *nihil*, shall not appear, judgment by default shall be entered, and the court shall proceed according to law, to assess the damages, and enter final judgment thereon, on which a writ of *levari facias* shall issue. The third section declares, that "if the mortgaged premises so taken in execution be not sufficient to satisfy the said judgment, then the residue of said judgment, so remaining unsatisfied shall be deemed and taken to be a debt of record, for which the plaintiff or plaintiffs, may issue a writ or writs of *scire facias*, and proceed thereon to judgment and execution as in other cases." *Statutes of Ohio, page* 252.

The proceedings in this case, stopped with the judgment on the first *scire facias*, or the return of the two *nihils*, and no new *scire facias* appears to have been sued out.

It seems to be settled in the state of Ohio, that the mortgagee who has taken his judgment on the *scire facias* on a mortgage cannot resort to his original cause of action and maintain an action of assumpsit, debt or covenant, but that

EASTERN DIST.
*May*, 1835.

SPENCER
*vs.*
SLOO.

Where a judgment, which was rendered in another state on a mortgage, according to the forms of proceeding there, and which liquidates the original debt which the mortgage was given to secure, is made the foundation of a suit here, for the balance which the mortgaged property failed to pay, and the debtor was not in the state, or served with process, nor appeared, either in person or by attorney to the suit: *Held*, that such judgment is not evidence of the balance of the debt claimed but that it is still open for a defence on the merits of the original claim.

the bond or note, or other evidence of debt, merges in the judgment on the *scire facias.*    *Ohio Reports, condensed,* 75.

So far as relates to the title of the mortgaged property, we have no doubt these proceedings are conclusive, but as to the residue of the debt, the judgment is inoperative, until a new judgment be recovered in a second *scire facias.* We are not distinctly informed by the evidence, what plea might avail the defendant in Ohio, under a second *scire facias*, to enforce the balance of the judgment, and whether such a defence as now set up, could be received; nor are we informed how far a judgment debtor, in such a case, would be entitled to relief in a court of . equity, on showing that the judgment was obtained, long after the original debt had been extinguished, and the mortgage cancelled. We are not to presume that the jurisprudence of that state, is so defective as to afford no remedy in such a case, and that a judgment recovered *ex parte*, against an absentee, would be enforced although obtained after the original cause of action had in fact been extinguished. We are of opinion, therefore, that the case, as relates to the balance claimed on the judgment, is still open in our courts, and that such a defence, if established by evidence, must prevail.

This brings us to the merits of the defence. The defendant alleges, that he conveyed the mortgaged premises to Longworth, Carneal & Irwin, in trust for certain purposes specified in the conveyance. That in August, 1820, two or three years before the judgment in question, Spencer the plaintiff, made an agreement with them to take their conveyance of the property in fee, and to pay them about six thousand dollars over and above the amount of his mortgage. That in pursuance of that agreement, a conveyance was executed by them to Spencer, on the 29th August, 1820. He further alleges, that said Longworth, with the consent of Spencer, and under a certain agreement with him, not now necessary to specify, conveyed the same property to the Bank of the United States, and, that afterwards, Longworth paid Spencer the sum of three thousand five hundred dollars in full discharge of his claim.

In support of the leading facts thus detailed, the plaintiff was called on to produce on trial, and did produce the deed of the 5th April, 1820, from Longworth, Irwin and Carneal, to him. This deed appears to have been signed, sealed, and delivered, and it is shown that Spencer received the rents from March 4th, 1820, till January 4th, 1822.

The defendant, independently of the parole evidence of the record, further produced a letter addressed by Spencer to the present defendant, written many years after these transactions, making inquiries relative to a previous mortgage on the same property in favor of one Best, and particularly whether that mortgage had not in fact, been paid off by Sloo to Carneal. In the course of that letter he takes occasion to say, "I find on reference to Irwin, Carneal and Longworth's deed to me, dated 5th April, 1820, that the consideration named is three thousand six hundred dollars. This formed an additional objection with me, to taking the deed, as I was to pay six thousand five hundred dollars, and wanted a warranty to that amount. My claim against Mr. Longworth rests on this, that I took three thousand six hundred dollars, for my lien on the property, on his statement, that the mortgage to Best was unpaid, and a lien at the time I took said three thousand five hundred dollars."

There is in the record a memorandum, in pencil mark, made by Spencer, but not signed, which was admitted in evidence as an *adminiculum*, to wit : "August 25th, 1820, deed from Irwin, Carneal and Longworth to Spencer ; about August, 1821, deed from same for same property to Bank of United States ; judgment on mortgage, 19th September, 1823. December 12, 1823, agreement with N. L. to take three thousand five hundred dollars for mortgage, supposing that a prior lien existed."

The record contains numerous bills of exception, some of which require to be noticed. The testimony of Carneal and others, taken on commission, was objected to on various grounds, and particularly that no parole evidence could be admitted to impeach the validity of the judgment, recovered against the defendant in Ohio, that the witness was a party

EASTERN DIST.
*May*, 1835.

Parole evidence, although inadmissible to prove title to immoveable property and slaves or to destroy such title, yet it is admissible to establish collateral facts connected with the transaction.

to the transactions, that no parole evidence could be introduced, until the deed of trust was produced; the law of Ohio requiring written evidence of such trusts.

It is not shown that the witnesses had any interest in this case, and it is an obvious answer to the first part of the objection, that a part of the transaction, on which the defendant relies, as a release in the nature of novation, took place after the rendition of the judgment. We think the court did not err in permitting the depositions to be read. In the case of *Andrus'* vs. *Chretien,* we held that although parole evidence is inadmissible to prove title in slaves, or to destroy such title, it is admissible to establish collateral facts connected with the transaction. 7 *Louisiana Reports*, 318.

The testimony in the record, corroborated by written evidence, emanating from the plaintiff himself, has satisfied us as it did the court of the first instance, that the plaintiff is not entitled to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.