EASTERN DIST.
June, 1836.

═══════════
KEYS AND WIFE
vs.
POWELL ET AL.

KEYS AND WIFE vs. POWELL ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Parole testimony is admissible to prove that a written instrument was executed in a different place from the one at which it purports to have been passed.

The place at which an act was passed is not essential, and the party may well show by the testimony of a witness that the instrument was in fact executed at a different place, in order to rebut the presumption of forgery or perjury, arising from other circumstances in the case.

A continuance should be granted on an affidavit, to obtain the testimony of a subscribing witness, to show that the bill of sale under which the party claims was witnessed by him, and executed at a different place from that stated in the body of it.

This is a petitory action, in which the plaintiffs claim certain slaves in the possession of the defendants.

The defendants claim the slaves in question in virtue of a private act of sale, under the ordinary mark of the vendor, one James Sides, attested by two subscribing witnesses, dated at East Baton Rouge, February 28, 1825. See the facts of this case, reported in 7 *Louisiana Reports*, 143.

When the case was first on trial, the plaintiff, to rebut the evidence of title produced by the defendants, exhibited a power of attorney executed by James Sides, the defendants' vendor, in the state of Mississippi, on the 28th February, 1825, to one Job Keys, to sell certain property in Baton Rouge, the very day on which the bill of sale of the slaves purports to have been made in the parish of East Baton Rouge, and one hundred and seventy miles distant from the former. On the return of the cause to the District Court, one of the defendants made an affidavit for a continuance, for the purpose of taking the testimony of one G. W. Hankins, a subscribing witness to the act of sale under which defendants claim the slaves in their possession, by whom they

expect to prove that the act was executed in the state of Mississippi, instead of East Baton Rouge, as it purports on its face; and that it was so dated at the request of said Sides, who stated at the time he considered it should be so dated, because he had agreed with Job Keys to sell him the slaves in the parish of East Baton Rouge ; that he had received the consideration there, and the slaves were in possession of Keys, in said parish.    That Hankins, the witness, wrote the bill of sale as directed by Sides, &c.    The plaintiffs' counsel objected to the continuance on the ground that *parole evidence* could not be received to establish the facts sworn to, or contradict the written instrument.

The defendants' counsel insisted on the continuance, on the ground that the fact of the written instrument being dated at one place, and proved to have been executed at another, had a tendency to raise the presumption of forgery and perjury, which could only be rebutted by parole evidence showing the real place of execution.    The court overruled the motion for a continuance, and the defendants took their bill of exceptions.

The plaintiffs had judgment, from which the defendants appealed.

*Elam,* for the plaintiffs, contended that the decision of the district judge was correct, in refusing the continuance.    The evidence disclosed by affidavit was inadmissible, even if it were obtained, because it goes to contradict the act of sale under which the defendants claim title to the slaves.    It would not rebut the presumption of perjury or forgery.    7 *La. Reports* 143.

2.  Parole evidence is inadmissible, and cannot be admitted to prove any thing contradictory to a written instrument. *La. Code,* 2286, 1 *Martin, N. S.* 641.  2 *Ibid.* 361.  3 *Ibid.* 692.  3 *La. Reports,* 118.

3.  The act under consideration is a mere private bill of sale, signed with the ordinary mark of the vendor, and not such an instrument as will convey the title to slaves in this state.  *La. Code,* 2415, 2231—2.

EASTERN DIST.     4. This act is not binding on the vendor, *Sides*, or his
June, 1836.    heirs, it not being susceptible of proof.   7 *Martin, N. S.*, 58,

KEYS AND WIFE    2 *La. Reports,* 596, *La. Code,* 2961, 2285.
*vs.*
POWELL ET AL.     *Morgan,* contra.

*Bullard, J.,* delivered the opinion of the court.

This case was before us at August term, 1834, (see 7 *Louisiana Reports,* 143) and was then remanded for a new trial. The appellant now relies on a bill of exceptions taken to the opinion of the court, overruling a motion for a continuance.

The defendant moved for a postponement of the trial, on account of the absence of one of the subscribing witnesses to a bill of sale, under the ordinary mark of the vendor. The affidavit is in the usual form, and the defendant states on oath, that she expects to prove by the absent witness that he was present when the vendor put his mark to the bill of sale, and that, in fact, it was executed in the state of Mississippi, although the instrument itself purports to have been executed in East Baton Rouge, and the reason for so dating it.

*Parole testimony is admissible to prove that a written instrument was executed in a different place from the one at which it purports to have been passed.* The continuance was opposed, on the ground that no parole evidence could be received to establish the facts sought to be proved, inasmuch as it would go to contradict the written evidence. The continuance was refused, and a bill of exceptions taken.

*The place at which an act was passed is not essential, and the party may well show by the testimony of a witness, that the instrument was in fact executed at a different place, in order to rebut the presumption of forgery or perjury, arising from other circumstances in the case.* It has been urged by the appellees, that it is not competent to contradict the tenor of a written instrument, by showing that it was executed in a different place from the one at which it purports to have been passed, and that parole evidence of a sale of slaves by an instrument bearing only the ordinary mark of the vendor, is inadmissible, and that the witness, if present at the trial, could not have been examined on that point. We are of opinion the court erred in refusing the continuance. The place at which an act was passed, is not essential, and the party might well show that the instrument was, in fact, executed at a different place, in order to rebut a presumption of forgery or perjury, arising from other circumstances in the case.

Whether effect can be given to a paper under the ordinary mark of a vendor of lands or slaves, or whether such can be in law regarded as written evidence, is a question which we do not consider it proper for us to decide upon, incidentally upon a mere motion for a continuance. That question must be reserved until the case stands for decision on it merits. For the purpose of showing by a subscribing witness that the bill of sale was signed by him as a witness, at a place different from that stated in the body of it, we think the trial ought to have been postponed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered, that the case be remanded for a new trial, the plaintiffs and appellees paying the costs of this appeal.