JAMES KNOX *v.* JOHN LIDDELL and others.

The provision of art. 2256 of the Civil Code, that "parol evidence shall not be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since," is not confined to acts relative to the transfer of immoveable property or slaves, nor to authentic acts.

APPEAL from the District Court of the First District, *Buchanan,* J.

This was an action to recover $398 11, with interest, the price of certain goods, for which the defendants are alleged to have become responsible. The defendants pleaded payment, and produced a receipt *in full of all demands,* signed by the plaintiff. The only question presented by this case was, as to the admissibility of parol evidence to contradict the receipt.

*Elwyn,* for the plaintiff. The decisions of this court, prior to the enactment of our present Civil Code, were very strong against the admission of parol proof to vary, enlarge, or contradict a written agreement, even with regard to personal property. Since the adoption of the present Civil Code the doctrine has been modified, and the rules of the common law apply to the interpretation of all agreements, except where a special provision of the Code interferes. Commencing with the case reported in 8 Mart. N. S. 541, where the Court says—"the act is a *private,* not a *public* act; the prohibition in our code against the reception of evidence against, or beyond what is contained in a written instrument, applies particularly to those which relate to real estate, &c."—and *following* all the *cases* down to 1 Robinson, we find none where the strict doctrine of inadmissibility is applied to contracts relating to personal property. The case in 19 La. 409, relates altogether, on this point, to real estate. The code of 1808 contains no article similar to art. 1940 of the present Civil Code, which declares, in the fourth division, that "all the articles of this section, (on the interpretation of contracts,) contain rules established by law for discovering the *intent,* when either the words of the agreement are ambiguous, or circumstances render it

doubtful. They apply equally as well to verbal as to written contracts."

*Van Matre*, for the appellants. The court erred in admitting parol evidence to contradict the terms of the receipt. *Adams* v. *Gay*, 5 Mart. N. S. 549. *Chew* v. *Chinn*, 7 Ib. N. S. 53ʔ. *Clamagaran* v. *Sacerdotte*, 8 Ib. N. S. 533.

MARTIN, J. The defendants and appellants have placed this case before us, on two bills of exceptions taken to the admission of the testimony of Jacob A. Otto. Thomas A. S. Doniphan and William Cannon offered to explain, or contradict, what is expressed in a receipt signed by the plaintiff, and to state what was said before, at the time of, and since the signing of said receipt. It appears to us that the court erred. The Civil Code, art. 2256, provides, that "parol evidence shall not be admitted against, or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." It has been urged, that the acts, spoken of in this article, are those only which are mentioned in the preceding one, that is to say, those which relate to the transfer of immoveable property or slaves; and the counsel has attempted further to restrict the article to authentic acts. This is contrary to the settled jurisprudence of the State. *Gale* v. *Kemper's heirs*, 10 La. 205, 209. *Keys et ux.* v. *Powell*, 9 La. 572. *Maignan* v. *Gleises*, 4 La. 1 : 5 Mart. N. S. 1. 8 Mart. N. S. 200. *Bouligny* v. *Urquhart*, 4 La. 29. 6 La. 255. 7 La. 333. 8 La. 290.

It is therefore ordered, that the judgment be annulled and reversed, and the case remanded for further proceedings, with directions to the District Court to forbear admitting the testimony excepted to; the plaintiff and appellee paying the costs of this appeal.