FOREST
*vs.*
SHORES.

FOREST *vs.* SHORES.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

The surety cannot maintain an action against his principal, on certain notes executed by them to a third person, which are not due, and have not been paid by him at the time of instituting suit.

Parole evidence is inadmissible to prove that a balance is still due the vendor, when the notarial act of sale, on its face, states that the sale is *made for cash.*

The acknowledgment of payment in a notarial act of sale, is conclusive between the parties, unless contradicted by a counter-letter, or the answer of the party to interrogatories on facts and articles.

This suit commenced by attachment. The petition was filed the 10th August, 1836, in which the plaintiff alleges he is bound as the surety of the defendant, in two promissory notes, for one thousand one hundred and twenty-four dollars, payable the 13th day of August, and the 13th day of September, 1836, to one Philip Hook; that the defendant is also indebted to him in the sum of six hundred and fifty dollars, the balance due on the price of several slaves, although in the notarial act the sale is expressed to be made *for cash;* and that he is indebted in the further sum of fifty dollars for house rent, for which he claims a privilege.

He further alleges, that the defendant has left the state never to return, and prays for an attachment against his property, and after due proceedings had, for judgment for the entire sum claimed.

The attorney appointed to represent the absent debtor, pleaded a general denial, and prayed that the suit be dismissed.

Upon these pleadings and issues the cause was tried before the court.

The evidence showed that the plaintiff was only surety in the notes to Hook, and bound with the defendant, which

were not due at the time of instituting suit. The sale of the

slaves, for which a balance of six hundred and fifty dollars is claimed, was made by notarial act, for one thousand five hundred dollars, which expresses on its face to be for *cash* in hand. The plaintiff offered parole evidence, to show that the defendant had acknowledged that there was a balance due, notwithstanding the expression of cash payment in the act. The evidence was objected to, and the objection sustained.

The only witness called, testified that the defendant had left the state, as he believed never to return, and that for the last two months before he went away, he occupied a house belonging to the plaintiff, in the town of Franklin, worth three hundred dollars per annum.

The district judge gave judgment for fifty dollars, rejecting the surety claim, and the balance claimed on the price of the slaves. The plaintiff appealed.

*Splane,* for the plaintiff, contended, that the surety had a right to institute his suit against the debtor, to secure himself, even before he has paid the debt; and also before the debt is due, when the debtor leaves the state. An attachment will then lie against his property. *Louisiana Code, article* 3026, *first clause.*

2. If the parole evidence had been admitted, it could have been shown, that there was still a balance due on the price of the slaves, although the sale appears to have been made for cash.

3. The plaintiff was entitled to a privilege for the rent due. It is a privileged claim on the property of the debtor.

*King,* for defendant.

1. When the security *has not paid the debt,* his only remedy against the principal debtor is by an action of indemnity. *Louisiana Code, articles* 3021, 3026.

2. Where the debt or obligation is not yet due, the attaching creditor must swear that the "debtor is about to remove his property out of the state, before the debt

53

becomes due." *Session Acts* 1826, *page* 170. In attachment suits, all the forms prescribed by law must be strictly pursued, otherwise the whole proceeding will be null. 3 *Louisiana Reports*, 18.

3. Between the contracting parties, the authentic act is full proof of the agreement contained in it, and payment acknowledged therein cannot be contested; nor can parole evidence be admitted against or beyond what is contained in an authentic act, by which immovables or slaves are transferred. *Louisiana Code*, 2233, 2234, 2235, 2256.

4. The demand in this case is premature, and the suit must be dismissed, as regards the notes. *Code of Practice*, 158.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff seeks to recover of the defendant, 1st, the amount of several promissory notes in favor of P. Hook, on which he alleges he was surety for defendant, and not due at the inception of this suit; 2d, a further sum, being the balance of the price of three slaves, sold to the defendant; and 3d, fifty dollars for rent. Having recovered a judgment for the last mentioned sum only, the plaintiff appealed.

*The surety cannot maintain an action against his principal, on certain notes executed by them to a third person, which are not due, and have not been paid by him at the time of instituting suit.*

I. It is neither alleged nor proved, that any part of the notes due to Hook had been paid by the plaintiff, and consequently he has failed to show, that he is entitled to recover the amount from his principal in this action. It is not necessary to inquire whether he be entitled, at this time, to the indemnity, because he has not asked it, but prays for a judgment for the amount of the notes.

*Parole evidence is inadmissible to prove that a balance is still due the vendor, when a notarial act of sale, on its face, states that the sale is made for cash.*

II. To repel his demand for a part of the price of the slaves, the act of sale is produced, in which the plaintiff acknowledges that he had received the whole of the price in hand. Parole evidence was, in our opinion, properly rejected, to prove that in point of fact a balance was still due to the vendor. It is true, the exception of *non numeratâ pecuniâ* was not renounced, but such an exception no longer exists in our law, and the acknowledgment of the payment is conclusive between the parties, unless contradicted by a counter-letter,

*The acknowledgment of payment in a notarial act of sale, is conclusive between the par-*

or the answers of the party to interrogatories on facts and articles. *Louisiana Code, article 2234.*

III. The plaintiff and appellant complains that the court did not, in giving judgment for the amount of rent due him, accord him a privilege to be paid out of the property attached. The evidence in the case does not enable us to say, whether such a privilege exists in favor of the plaintiff, to secure the payment of his rent on any property attached.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Western Dist.*
*Sept. 1837.*

ties, unless contradicted by a counter-letter, or the answer of the party to interrogatories on facts and articles.