————o————

No. 5820.

## ALEXANDER HENDERSON vs. ANNA GUERIN.

### Syllabus.

1. Answers to interrogatories on facts and articles must conform to the rules of evidence. *Lafarge v. Ripley*, 4 *Martin, N. S.,* 303.

2. To contest his own acknowledgment of payment made by authentic act, or avail himself of an oral promise to transfer real property, a plaintiff who is without a written acknowledgment, must rely upon answers given by the defendant to interrogatories on facts and articles. *C. C.,* 2462, 2275, 2237, 11 *La.,* 416.

3. Answers to interrogatories on facts and articles, like other judicial confessions, cannot be divided against the party making them, but must be taken entire. *C. P.,* 356; *C. C.,* 2291.

4. Answers to interrogatories on facts and articles, when they must be relied upon by plaintiff to make out his case, stand as part of plaintiff's own pleadings, and if they be destructive of his right of action, an exception of no cause of action will lie. *Godwin vs. Neustadlt*, 42 *An.,* 735; *Wells vs. Wells,* 116 *La.,* 1065.

— 243 —

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 102,116, Hon. F. D. King, Judge.

W. J. Waguespack, for plaintiff and appellant.

Lazarus, Michel & Lazarus, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff brings this action to have declared simulated and without consideration an act of sale of real estate, in authentic form, by himself to defendant; or, in the alternative, to have defendant ordered to retransfer said property to him in accordance with an oral agreement on her part so to do, but with which she refused to comply.

Having no counter-letter, plaintiff propounded interrogatories on facts and articles to defendant to be answered in open Court.

Thereupon defendant answered **in open Court** that she had not paid the price herself, but that one George Thomas owed her money (and had told her that he would pay plaintiff) **and plaintiff admitted receiving the money from him.** That she did not pay the money herself, but **George Thomas paid it for** her. That she had never agreed to the transfer of the property to plaintiff.

On authority of **Lafarge vs. Ripley, 4 Martin N. S.,** 303, holding that answers to interrogatories on facts and articles must conform to the rules of evidence, that part of her answers which we have included in parenthesis must be expunged; but the matter thus to be expunged is immaterial, and its rejection does not detract from the unequivocal statements which we have underscored.

Defendant thereupon filed an exception of no cause of action, which was maintained by the District Judge; and plaintiff appeals.

The judgment is correct. To contest his own acknowledgement of payment made by authentic act, or avail himself of an oral promise to retransfer the property, plaintiff, who is without written acknowlelgment of any kind, must rely upon answers given by defendant to the interrogatories propounded by him. **C. C., 2462, 2275, 2237, 11 La., 416.**

But these answers, like all other judicial confessions, cannot be divided against her, but must be taken entire. **C. P., 356; C. C., 2291.**

And such answers, when they must be relied upon by plaintiff to make out his case, stand as part of his own pleadings, and if they be destructive of his right of action an exception of no cause of action will lie.

**Goodwin vs. Neustadtl, 42 An., 735; Wells vs. Wells, 116 La., 1065.**

So that defendant having confessed that the price was not paid by herself, but having added that it was paid for her by another, and the receipt thereof admitted by plaintiff, the latter can go no further herein.

As to the claim for certain improvements or their value, advanced in the brief herein filed on plaintiff's behalf, we can only say that the petition asks for no relief in that respect and we are therefore not presently concerned with that issue.

Judgment affirmed.