## E. H. Angomar v. J. G. Wilson.

*Where the contract in relation to the movables embraced in a sale was in writing—Held : That the vendee could not be permitted to prove by parol, that it was the intention of the parties certain articles not designated should be included in the sale, unless he has alleged mistakes or fraudulent omissions to his prejudice.*

APPEAL from the District Court of St. Landry, *Dupré*, J.

*T. H. Lewis* and *Porter*, for plaintiff. *J. E. King*, for defendant and appellant.

BUCHANAN, J. Plaintiff and appellee sues defendant for the value of certain movables enumerated in a schedule annexed to and made part of the petition. Plaintiff alleges that he sold and delivered to defendant a sugar plantation, slaves, &c., situated in the parish of St. Landry ; that soon after said sale, the defendant, without any right or authority, took into his possession the articles enumerated in the schedule, which belonged to plaintiff; part of which articles were on the plantation, and part at other places.

Defendant pleads, in his answer, that the property claimed by plaintiff, and for the recovery of which he is sued, belongs to respondent, which he is ready to verify on the trial of the cause.

Upon this issue, the only question remaining was the interpretation of the acts of sale between the parties. The identity, and perhaps the value, of the objects in dispute, are not controverted.

There are two sales, both by authentic act.

By the first, plaintiff sells to defendant a sugar plantation, " with all the buildings and improvements thereon, and all the rights, ways, customs and advantages thereto belonging or in anywise appertaining; also, all the horses, mules, cattle, and instruments of husbandry thereto properly appertaining."

By the second sale, plaintiff conveyed to defendant " all the house furniture contained in the house and residence of said vendor, and all the furniture appertaining to the said dwelling and residence, except the following described property, the linen furniture appertaining to the said dwelling house," &c.

On the trial of the cause, after defendant had offered in evidence the second of these sales, he offered the notary who drew the act and one of the witnesses who signed it, to prove that the intention of the parties was to include in that sale the articles sued for by plaintiff.

This parol evidence was properly rejected by the District Court. The case of *Akin* v. *Drummond*, 2 An. 94, relied on by defendant's counsel, only goes to the extent of recognizing the right of parties to prove mistakes or fraudulent omissions in written contracts relating to movables. The defendant's answer does not allege any mistake or fraudulent omission to the prejudice of defendant, in the written contract in question.

This case certainly resembles that of *Larne* v. *Hampton*, 4 An. 53, as to the generality of the expressions of the sale, " house furniture," and "furniture appertaining to the dwelling and residence," but there is no ambiguity in those expressions. The only item of the schedule annexed to plaintiff's petition that can possibly come under these general terms is the silver plate, estimated at one hundred dollars.

108

ANGOMAR          In like manner, the only items of the said schedule that can be classed un
v.
WILSON.      der the general expression "instruments of husbandry" in the other sale, are
the sugar house mill, and the four sugar kettles, estimated in the aggregate,
nine hundred and forty-eight dollars.

But if we deduct these three items from the bill of particulars, there is still
left an amount exceeding that allowed to plaintiff, by the judgment appealed
from.

It is, therefore, adjudged and decreed, that the judgment of the District
Court be affirmed with costs.