16 149
47 1650

## W. H. LETCHFORD & Co. *v.* P. G. DANNEQUIN & Co. et als.

In an action for a forced surrender by judgment creditors, other creditors of the insolvent may object to the irregularity of the proceedings.

To justify an order for a forced surrender, the Sheriff must return the execution endorsed *specifically* "No property found after due demand." It is his duty to seize either partnership effects or property belonging to the individual partners, if he knew of any such.

APPEAL from the District Court of the Parish of Ascension, *Lawes*, J.
*W. E. Walker*, for plaintiffs. *Alfred Hennen*, for defendants and appellants.

MERRICK, C. J. The proceedings in this case were commenced by *W. H. Letchford & Co.* to compel *Dannequin & Co.* to make a forced surrender of property. The order for surrender was made, and one of the defendants was arrested and imprisoned, in order to compel a compliance with the decree. Two out of the three partners made surrenders. The appellees, *A. T. Bruce & Co.*, took a rule upon all parties to show cause why the surrender should not be set aside. The proceedings were in the following order :

"On the 14th May, 1860, *W. H. Letchford & Co.*, judgment creditors of the commercial firm of *P. G. Dannequin & Co.*, filed in the Fourth Judicial District Court for Ascension, their action against said *Dannequin & Co.* for a forced surrender."

"On the same day, by an order of the Judge, the defendants were ordered to show cause, within ten days from the service of petition and order, why they should not pay the judgment of plaintiffs, or make a surrender of their property."

"On the 1st June, 1860, judgment was rendered, ordering the defendants to make a surrender of their property ; the judgment of plaintiffs remaining unpaid, and no cause being shown why the surrender should not be ordered."

"On the 13th July, 1860, defendants having failed to obey the previous order, order of arrest was granted against the defendants."

"On the 19th July, 1860, *Gustave Blanchard*, and on the 20th July, *Abraham Kling*, made a surrender of their property."

"On the 13th October, 1860, *Victor Dugas* was appointed provisional syndic of the insolvency."

"On the 3d December, 1860, the present rule, now appealed from, was taken by *A. T. & J. W. Bruce*, of New York city, judgment creditors of *P. G. Danne-*

quin, to set aside the proceedings in insolvency, on the ground of informalities in the proceedings; and issue was joined, by answer, on.10th January, 1861."

"On the 14th January, 1861, judgment was rendered sustaining the rule, on the ground that the demand made by the Sheriff on the writ of *fi. fa.* was not sufficient."

*Letchford & Co.* appeal. They contend that "as the defendants, *P. G. Danneguin & Co.*, have no right, under the statute, to a rescission of the order of surrender, third parties, creditors long subsequent to the acceptance of the surrender by the court, have no right to the rule herein taken by *A. T. & J. W. Bruce.*"

*A. T. & J. W. Bruce's* judgment was in fact, however, signed May 12, 1860, before the surrender, and even before the *fi. fa.* issued, and is for $2370 58, and interest.

The execution on which the petition of *Letchford & Co.* for a forced surrender was based, issued on the 14th day of May, 1860, and was returned in about a half an hour afterwards with the following return indorsed thereon: "Received the within writ the 14th day of May, 1860, and on the same day proceeded to execute the same by calling on *P. G. Dannequin*, requesting him to show property to satisfy the same; and he says he has no property whatsoever belonging to the firm of *Dannequin & Co.* Wherefore I make my return. Ascension, May 14, 1860. (Signed)                    *John H. Ilsley, Jr.*, Deputy Sheriff."

On the question whether the appellees have the right to object to the proceeding anterior to the surrender, it is shown, as already said, that they were judgment creditors before *Letchford & Co.* issued their execution. They cannot be considered as creditors subsequent to the surrender. It seems to have been decided, in 1822, that the creditors might object to the regularity of the proceedings. See the case of *Wikoff et al.* v. *Duncan's Heirs,* 10 M. R. 667; 14 An. 424. We are not prepared to disturb this ruling of the court.

The Sheriff's return is clearly insufficient to justify the order for a forced surrender. The statute authorizes the order, after the execution has been returned "no property found after due demand." The demand upon *Danneguin* was insufficient, because, in his reply, he left it to be inferred that the other partners had the effects of the firm. 17 L. R. 416. The return, moreover, does not show that there were not both partnership effects and property belonging to the individual partners. If the Sheriff knew of any such effects, it was his duty to seize them. See *Levois* v. *Thibodeaux,* 13 An. 264.

It is, therefore, unnecessary to consider whether the surrenders made are also formal. Judgment affirmed.

DUFFEL, J., recused himself for interest.