By the Court, Robertson, Ch. J.
The defenses set up in these cases are not in all respects the same, as those set up in the case of the same plaintiff against Coggill, just decided at this present term. The representations of Lindsley & Cotterell charged to be false in the second defenses, are only those contained in the contract for the purchase of the land, and even if the purchase by Lahens was in law a purchase by the company, such representations were not made to the defendants, to induce them to become stockholders, and they could not as such escape liability on the contracts of the company thereby. But they set up a counter-claim therein of damages, by reason of such misrepresentations, the truth of which should not be tried on affidavits, any more than if alleged in a complaint. The Code of Procedure permits only sham and irrelevant answers or defenses, to be stricken out, but a counter-claim is not a defense; (see § 149, subd. 2;) and in this case does not constitute the whole answer. Part of the second de *96 fense is left untouched by- the order appealed from; to wit, an allegation of a transfer of some undefined contract,, to the corporation in question mentioned in the complaint. Such defense was therefore not stricken out. as sham or irrelevant; and all the allegations are not redundant, as they are not virtual by repetitions of any other statements contained in the same, defense or counter-claim. Some of the allegations in such defense are clearly irrelevant, (such as the payment of money and delivery by the company to Lindsley & Cotterell of, and suits on, notes by the latter, and the excess of the price paid beyond the. value of the land sold, all of which are at most mere' evidence of injury to the defendant,) and were properly stricken out. "Whether such facts constituted a counterclaim, admissible in'this action against the plaintiffs’ claim, can only properly be determined on demurrer or objection on the trial. The order appealed from must therefore be modified, by confining the direction to strike out to the irrelevant allegations already suggested.
The question, as to the time when the debt of the company accrued, or their contract was made, (whether before or after the defendant became a stockholder^ raised by the fourth defense, is the same as that in the same defense in the action against Coggill, and must be similarly disposed of. It became a matter of fact and law to be determined, when the company first bound themselves to perform the promises, made by Lahens in a contract avowedly for their benefit, even if they bought the land from him.’ The affidavit of the plaintiffs’ attorney did not state that time, but only that the deeds were executed and notes given in June, 1865, and therefore does not disprove the defense.
The same reasoning applies to the third defense, as to the same one in the case against Ooggill, to wit: that it is wholly immaterial what Lindsley & Cotterell gave for their *97 stock, and therefore stating it, does not render a statement of their owning a certain number of shares, more definite or certain. It was a matter more naturally within the plaintiff’s own knowledge, than the defendants’. Prima facie, stockholders are bound to contribute; if they are specially exempted, the ground of their exemptions should come from them.
The order appealed from, except in the particulars before mentioned, must he reversed.