O’NIELL, C. J.
 

 The plaintiffs, having a judgment of $10,000 against Walton McCain, seized, as his property, a crude oil engine on the premises of M. W. Godwin. The engine had been sold to McCain by A. Baldwin & Co. long before the seizure was levied; and McCain, owing A. Baldwin & Co. a large balance, had reconveyed the engine foils,500, which was credited on McCain’s debt to A. Baldwin & Co.; and the latter had sold the engine to Godwin for $3,500, five months before the seizure was levied. God-win had paid A. Baldwin & Co.,‘when the engine was sold and delivered to him, $750 in cash, and had agreed to pay $500 at the end of the year, and to give his two promissory notes, • payable in one and two years, for the balance of the price, to be secured by the vendor’s lien and a chattel mortgage on the engine. There was some delay in completing the transaction, because certain minor parts of the engine were missing, which A. Baldwin & Co. was to supply. The seizure was levied before Godwin had obtained a deed from A. Baldwin & Co. and before he had given his notes for the balance of the price of the engine.
 

 Godwin did not attempt to oppose the seizure and sale, by injunction or otherwise; his explanation being' that he considered A. Baldwin & Co. responsible financially for what he had paid on the price of the engine, and that he looked to them to make good his title.
 

 A. Baldwin & Co. intervened in the seizure, or filed what is called a third opposition, alleging the facts which we have stated, and claiming a vendor’s lien on the engine, by virtue of the sale to Godwin, and praying to be paid by preference the proceeds of the sale, to the extent of the $2,750 balance of the price owed by Godwin. As an alternative demand, A. Baldwin
 
 &
 
 Co. averred and prayed that, if the court should hold that the sale to Godwin was not complete because he had not given his notes for the balance of the price, the court should then hold that the engine belonged yet to A. Baldwin & Co., and that the latter should receive the proceeds of the sheriff’s sale as owner of the engine.
 

 The sheriff sold the engine before the seizing creditors of McCain had answered or pleaded to the opposition of A. Baldwin & Co. At the first offering, there was no bid for as much as two-thirds of the appraisement, which was $4,000. The sheriff therefore readvertised the engine for sale for
 
 *117
 
 whatever it might bring; and A. Baldwin & Co. bought it, at the bid of $2,150, on a twelve-month bond. Five weeks later, A. Baldwin & Co. gave a deed to Godwin for the engine, at the price of $3,500, acknowledging receipt of the $750 which Godwin had paid, and taking his two promissory notes for $1,375 each, payable in one and two years, and secured by the vendor’s lien and a chattel mortgage on the engine.
 

 We have referred to the seizing creditors of McCain as the plaintiffs in this case. In fact they are the defendants in the matter of the opposition of A. Baldwin & Co., which is the only controversy before the court.
 

 The seizing creditors of McCain, before answering the petition of A. Baldwin & Co., filed an exception of no cause of action; which was referred to the merits of the case. Then they filed a plea to the effect that the-claims of A. Baldwin & Co., although asserted alternatively, were inconsistent, and they prayed that A. Baldwin & Co. should be compelled to elect whether to claim a vendor’s lien on the engine or to claim the ownership of it. That plea also was referred to the merits. The defendants in the opposition then answered, averring that the engine belonged to McCain when it was seized, and denying that A. Baldwin & Co. and Godwin, or either of them, had any title to or claim upon the engine.
 

 The case went to trial on those issues, and, when all of the evidence was introduced, the defendants in the opposition filed a plea of estoppel, averring that, by buying the engine at the sheriff’s sale, as the property of McCain, and by selling it afterwards to Godwin, on terms different from the terms alleged in the opposition, A. Baldwin & Co. was estopped to claim either a vendor’s lien by previous sale to Godwin, or a previous title from McCain. The plea of estoppel also was referred to the merits. Having heard and considered the case, on its merits, the judge gave judgment in favor of the seizing creditors of McCain, sustaining their plea of estoppel, and rejecting the opposition of A. Baldwin
 
 & Go.
 
 The latter has appealed from the judgment. The appellees, answering the appeal, reurge their exception of no cause of action and their motion to compel the plaintiff to elect either to claim a vendor’s lien on the engine or to claim ownership of it.
 

 The exception of no cause of action was founded upon the fact that, in the petition of A. Baldwin
 
 & Go.,
 
 there was no prayer for an order of court directing the sheriff to hold the proceeds of the sale which was about to be made. The judge, deeming the allegations and prayer of the petition sufficient, which included a prayer for general relief, ordered the sheriff to retain, until the further orders of the court, the proceeds of the sale which was about to be made. The question of authority of the judge to order the sheriff to retain the proceeds of the sale — if there ever was any question of the judge’s authority in that respect — passed out of the case when the sale was made not for cash but on a twelve-month bond, which allowed the buyer to retain the proceeds, less the costs of the seizure and sale, which were paid to the sheriff. Our opinion is that the petition of A. Baldwin & Oo. did disclose.a cause of action.
 

 The motion which the appellees filed in the district court, to compel A. Baldwin & Oo. to elect whether to claim a vendor’s lien on the engine or to claim ownership of it, was virtually abandoned when the appellees filed their answer in the district court, without insisting upon-a ruling on their motion. It is an anomalous proceeding for a judge to refer such a motion or plea to the merits of the case. According to article 152 of the Code of Practice, a defendant who pleads that two demands in the plaintiff’s petition are inconsistent, and moves for an order to compel the plaintiff to elect which demand he will proceed with, has the right to refuse
 
 *119
 
 to answer or plead to the merits until the judge rules upon the motion 'to compel the plaintiff to elect; and, if the judge sustains the motion, he must give the plaintiff an opportunity to amend his petition so as to prosecute only one of the demands, before the suit shall be dismissed. Our opinion is that the motion should have been overruled. There was nothing inconsistent in the opponent’s asking for recognition of a vendor’s lien on the engine, by virtue of the sale alleged to have been made to Godwin, and, in the alternative, claiming ownership of the engine if the court should hold that the sale to Godwin was incomplete because he had not given his notes for the unpaid part of the price. Two demands that would be inconsistent if both were insisted upon are not at all inconsistent when made alternatively; that is, when the demand urged secondly is made only on the condition that the demand first made should not be granted. Smith v. Donnelly, 27 La. Ann. 98: The opponent in this case did not claim ownership of the engine except as a logical consequence if the count should not approve opponent’s preposition of law that the sale to Godwin was completed by the delivery of the engine and by the part payment of the price agreed upon. There was no inconsistency in those alternative propositions.
 

 Our opinion is that the judge erred in sustaining the plea of estoppel. A. Baldwin & Oo. did not, by buying the engine to protect the company’s claim, and by executing a deed to Godwin in completion of the transaction that was commenced before the seizure, acknowledge that-McCain owned the engine when it was seized. A. Baldwin & Oo. was not compelled, in order to maintain that McOain did not own the engine when it was seized, to stop the sale by injunction. In fact, we doubt that A. Baldwin & Co. had a right to arrest the seizure and sale by injunction, while insisting that the company had sold the engine to Godwin. He had the right to arrest the seizure and sale by injunction; but A. Baldwin & Co. could not compel him to exercise his right. The company’s right was merely to collect by preference $2,750 of the proceeds of the sheriff’s sale, if, as insisted by the company, the latter had sold the engine to Godwin before it was seized.
 

 It is true that the terms stated in the deed which A. Baldwin & Co. gave to Godwin, after the sheriff’s sale, were not exactly the same as the terms on which A. Baldwin & Co. had sold the engine to God-win before it was seized. The difference was that Godwin had • agreed to pay $500 of the unpaid $2,750 at the end of the year and the balance in two equal annual payments; whereas, in the deed, the $2,750 was divided into two equal annual payments. That change in the terms of the sale did not have the effect of annulling the original contract of sale, or amount to a denial that the contract had been made before the engine was seized. Besides, A. Baldwin & Co.’s buying the -engine at the sheriff’s sale and then transferring it to Godwin. did not in any way prejudice any right of the seizing creditors of McCain, and was therefore not a ground for a plea of estoppel, technically speaking. What A. Baldwin &'Co. did in that respect was the only thing the company could do to protect itself and at the same time carry out its contract with Godwin.
 

 On the merits of the case, A. Baldwin & Oo. is entitled
 
 to
 
 a
 
 judgment
 
 recognizing the vendor’s lien to secure the unpaid $2,750 which Godwin owed on the price of the engine. The fact that McCain had reconveyed the engine to A. Baldwin & Co. for a credit of $3,500 on his debt to the company, and had afterwards, as the specially authorized agent of the company, sold and delivered the engine to Godwin for $3,500, and that the latter had paid Baldwin $750 on the price, five months before the engine was seized, was proven by three witnesses and by contem
 
 *121
 
 poraneous and unsuspicious records of the transactions, and was not contradicted by any one.
 

 The judgment appealed from, is annulled, and it is ordered, adjudged and decreed that 'the vendor's lien "and. privilege claimed by the opponent, A. Baldwin & Co., on the engine and equipment seized and sold by the sheriff, be, and the same is hereby, recognized ; that the opponent be allowed to retain the amount bid at the sheriff’s sale; and that the twelve-month bond be canceled. The defendants in the opposition are to pay the costs of this proceeding.