**(117 So. 781)**

**No. 27824.**

**HEMLER v. ADCOCK.**

June 4, 1928. Rehearing Denied July 2, 1928.

J. W. Elder, of Farmersville, for appellant.

Theus, Grisham & Davis, of Monroe, for appellee.

THOMPSON, J.   On October 15, 1923, by notarial act, the defendant sold to the plaintiff an undivided one-eighth interest in an oil and gas lease on certain described lands situated in the county of Ouachita, state of Arkansas.   The consideration expressed in the act of sale was $100 cash.

At the time of the sale the oil lease was in litigation before the courts of Arkansas, between the defendant and the Gulf Refining Company, a corporation organized under the laws of Louisiana and having its domicile in Caddo parish.   The case was decided in the lower court in favor of the defendant in the present suit, Mrs. Adcock, but the Gulf Refining Company prosecuted an appeal to the Supreme Court of Arkansas.

Pending that appeal a compromise was effected, by which the Gulf Refining Company was to pay Mrs. Adcock $16,250 in cash and a one-sixteenth royalty of all oils produced and to be produced in the future from the said lands.   Thereupon, the Supreme Court rendered a judgment in accordance with the terms of the compromise recognizing the Gulf Refining Company to be the owner of the oils produced under the lease, subject to the payments as already mentioned to Mrs. Adcock.

Mrs. Adcock, after the compromise, denied the validity of the contract of sale which she had entered into with the plaintiff, Hemler, and on protest being made to the Gulf Refining Company, that company refused to make any payments to the said Hemler.

An agreement was then entered into between the plaintiff defendant, and the Gulf Refining Company, by which the latter deposited in the Central Savings Bank of Monroe one-eighth of the cash payment, due by the oil company under the compromise with Mrs. Adcock, and agreed to deposit in said bank one-sixteenth of all future royalties as they accrued.

The present suit was then filed, and its object is to have the plaintiff decreed the owner of one-eighth of the cash portion of the compromise on deposit in the bank aforesaid, and one-sixteenth of all oils produced under the terms of the compromise agreement.

The defendant admits that she executed the act of sale relied on by the plaintiff, but alleges that the contract price that she was to receive was $2,500, to be paid from time to time as she might need it.   She alleges that the plaintiff, who is her brother, through his own attorney, prepared an erroneous and fraudulent assignment for a consideration of $100 which was never paid, and that no consideration whatever was paid for said assignment.

She further averred that the said transfer was fraudulent and erroneous, and signed by her in error.

On the trial of the case, the defendant offered to prove, by parol testimony, the defense set up in her answer, but on objection the testimony was excluded, and judgment was rendered in favor of the plaintiff for the amount sued for.

The only question presented or discussed in the briefs is whether parol testimony was admissible to contradict the recitals of the authentic act, and whether that question is to be determined by the laws of this state or the laws of Arkansas.

Article 2236, Civil Code, declares that the authentic act is full proof of the agreement contained in it, against the contracting par-

ties and their heirs or assigns, unless it be declared and proved a forgery.

Article 2276 provides that parol evidence shall not be admitted against or beyond what is contained in the act, nor on what may have been said before, or at the time of making them, or since.

In the early case of Sexnander v. Fleming, 1 Mart. (N. S.) 256, the defendant was sued on an authentic act for the payment of a sum of money, but he successfully pleaded the exception de non numerata pecunia.

Justice Martin for the court held that the exception pleaded was recognized under the Roman and Spanish law and had not been repealed by our law.

That, however, was before the adoption of the article of the Code which abolished that exception and which declared that the acknowledgment of payment, made in an authentic act, cannot be contested, under pretense of the exception mentioned, which was thereby abolished. C. C. art. 2237.

In the case of Forest v. Shores, 11 La. 416, the court held that the acknowledgment of payment in a notarial act of sale is conclusive between the parties, unless contradicted by a counter letter or the answer of the party to interrogatories on facts and articles.

That was a suit for the balance due on the price of some slaves, although the authentic act of sale declared that the price had been paid in cash.

In the course of the opinion, Mr. Justice Bullard said:

"Parol evidence was, in our opinion, properly rejected, to prove that in point of fact a balance was still due to the vendor. It is true, the exception of non numerata pecunia was not renounced, but such an exception no longer exists in our law, and the acknowledgment of the payment is conclusive between the parties, unless contradicted by a counter letter, or the answers of the party to interrogatories on facts and articles."

And this has been the uniform rulings of this court. Thus, in Cary v. Richardson, 35 La. Ann. 509, it was said:

"The rule is consecrated by law and jurisprudence that, as between the parties to a written act, the only admissible evidence to prove simulation is a counter letter, which is proof of equal dignity. * * *

"The unbending jurisprudence of this court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence"—citing Lesseps v. Wicks, 12 La. Ann. 740; Lynch v. Burr, 7 Rob. 96; Knox v. Lidell, 5 Rob. 111; Beaulieu v. Furst, 2 La. Ann. 48; D'Aquin v. Barbour, 4 La. Ann. 441; Sharkey v. Wood, 5 Rob. 327; Angomar v. Wilson, 12 La. Ann. 857; Letchford v. Dannequin, 16 La. Ann. 150.

To which we may add Godwin v. Neustadtl, 42 La. Ann. 735, 7 So. 744; Robinson v. Britton, 137 La. 863, 69 So. 282; Lockwood Oil Co. v. Atkins, 158 La. 614, 104 So. 386; Brewer v. N. O. Land Co., 154 La. 446, 97 So. 605; Succession of Curtis, 156 La. 243, 100 So. 412.

In the case of Logan v. Walker, 152 La. 880, 94 So. 430, the court held that—

"Under Civil Code, art. 2237, the recital of payment of the consideration in an act of sale may not be contradicted by parol evidence to show the sale was null for want of consideration, but parol evidence of its non payment is admissible as a mere circumstance tending to prove fraud and imposition inducing an ignorant and weak-minded vendor to sign it, and as corroborative of other evidence of fraud."

It is to be observed that in the case cited, the charge of fraud and misrepresentation was clearly made, and while the court recognized the uniform rule laid down in the numerous cases noted, it only held parol admissible to show that no consideration had been paid, when the purpose was to show the fact as a mere circumstance tending to prove the fraud and imposition alleged and as corroborative of the other evidence in the case.

In the instant case there is no misrepresentation or fraud alleged; no charge is made of imposition on the defendant. The allegation in that respect is that defendant trusted her brother, in whom she had confidence, and that the act was fraudulent and signed by her in error. But no facts going to show fraud or error are alleged, and it is not pretended that defendant did not throughly understand what she was doing when she signed the act of sale.

We can therefore find no justification for making an exception in this case to the general rule so well recognized in the cases cited supra.

The defendant contends that inasmuch as the suit affects an oil lease on land situated in Arkansas, the case should be decided by the lex rei sitæ; that is to say, should be governed by the laws of the state where the land from which the oil is taken is situated.

There are at least two decisive answers to the contention.

In the first place, no question affecting the oil lease is involved in this case. Neither the plaintiff nor the defendant has any interest in the oil lease further than the one-sixteenth of the future oils that may be produced under the lease. All other rights under the lease were foreclosed in favor of the Gulf Refining Company by the compromise and the judgment of the Supreme Court of Arkansas. Furthermore, the cash in dispute is on deposit in a bank of this state; the debtor of the royalty payments is domiciled in the state; the parties to this suit are residents of the state; and the act of sale, the validity of which is the sole issue, was executed in this state.

The second answer is that there is little or no difference between the laws and jurisprudence of this state and those of Arkansas on the question of the admissibility of parol evidence to vary or contradict the terms of an agreement embodied in an authentic act as between the parties.

Counsel for defendant offered in evidence the "Statutes of Arkansas," as digested by Crawford & Moses, under Acts of 1919; but we have failed to locate such a digest.

We have, however, examined quite a number of the latest decisions of the Supreme Court of Arkansas, and we find the rule to be that, when a written instrument is signed by the parties, it becomes the sole evidence of the contract between them, and cannot be varied or contradicted by parol testimony, nor reformed, save upon clear and satisfactory evidence of a mutual mistake as to its contents or upon an allegation and proof of fraud.

In the case of Cache Valley Lbr. Co. v. Culver Co., 93 Ark. 383, 125 S. W. 430, it was held:

"But where the receipt is introduced by the party relying on it, and there is no attempt from the other side to prove that it was obtained by fraud, or given by mistake, it must necessarily operate in the particular case as conclusive evidence of what it purports to be on its face."

In St. Louis, I. M. & S. Ry. Co. v. Hambright, 87 Ark. 614, 113 S. W. 803, the rule forbidding the addition, alteration, or contradiction of a written instrument by parol testimony was recognized, except where there was an issue of fraud in the procuring of the writing, or a mutual mistake of the parties.

In the case of Frazer v. State Bank of Decatur, 101 Ark. 141, 141 S. W. 944, it was held:

"When a written instrument is signed by the parties, it becomes the sole evidence of the contract between them, and cannot be varied or contradicted by parol testimony nor reformed save upon clear and satisfactory evidence of a mutual mistake as to its contents."

In Kansas City, etc., v. Smithson, 113 Ark. 310, 168 S. W. 556, the court said:

"No rule of evidence was violated in permitting appellee to prove this state of facts, for it did not vary or contradict the terms of the contract, but only explained the subject-matter thereof.

"It clearly establishes a mutual mistake on the part of both participants in the negotiation as to what they were really contracting about."

The case appears to be a very hard one for the defendant. It may be, as she claims, that she placed too much confidence in her brother. He may have betrayed that confidence, but the defendant is an intelligent woman, and from all that appears she has had some experience in business affairs and is not altogether lacking in knowledge of the modern methods.

However much we might feel disposed to grant her relief from her act of stupidity and overconfidence in her brother, we find ourselves unable to do so, without going counter to the fundamental rules as laid down in the Code, and sanctioned by a long line of uniform decisions of this court.

The judgment appealed from is therefore affirmed, at appellant's costs in both courts.

O'NIELL, C. J., dissents.