BRUNOT, J.
 

 This is a suit for the possession of a mortgage note for $6,375, the ownership of which is claimed by the plaintiff, and for judgment against the defendant, ordering it to pay to plaintiff the amount of said note. Defendant filed an exception of no cause of action and a motion to ’elect. The exception was referred to the merits, and, in answer to the motion, the plaintiff elected to sue for the payment of the amount of the note, with interest, attorney’s fees, and costs. The answer is a denial of liability for reasons alleged therein.
 

 After trial, judgment was rendered in favor of plaintiff and against defendant for $6,375, with 6 per cent, per annum interest thereon from May 16, 1922, until paid, and decreeing that the mortgage securing the payment of the note identified with it be recognized and enforced against the property mortgaged, and suspending the execution of the judgment until May 16, 1927, the date of the maturity of the note.
 

 From this judgment the defendant appealed. The plaintiff has answered the appeal, and prays that the judgment be amended by allowing attorney’s fees, and, as thus amended, that it be affirmed.
 

 
 *726
 
 On May 16, 1922, Joe Graziano executed and delivered to the plaintiff his promissory note for $6,375, payable five years after date, with 6 per cent, per annum interest thereon from date until paid, and 10 per cent, as attorney’s fees, if not paid at maturity, identified with and secured by a mortgage upon the following described property:
 

 “The N. E. % of S. W. % of S. 29, T. 6 S., R. 8 E., containing 40 acres; the W % of N. W.
 
 y4
 
 of S. E. % of S. 29, T. 6 S., R. 8 E.; and all farming implements of whatever kind, now located on said land, together with two mules, four horses, and six head of cattle, together with all buildings and improvements on said property. All of said property being situated in the parish of Tangipahoa, state of Louisiana.”
 

 On September 29, 1924, the defendant purchased from Joe Graziano all of the above-described mortgaged property, together with the following additional property, to wit:
 

 “An undivided one-half interest in and to a certain tract or parcel of land in the city of Hammond, parish of Tangipahoa, state of Louisiana, being the west half (W. %) of the northeast quarter (N. B. %) of block No. 61, of the original Hyer survey of said city of Hammond, the same fronting 75 feet on Thomas street and running back 150 -feet between parallel lines.”
 

 The consideration for the sale was the assumption and payment by the vendee of the following nine mortgage notes:
 

 “1. One note for $600, dated June 21, 1923, due June 21, 1924, with 8 per cent, per annum interest from date.
 

 “2. One note for $600 dated June 21, 1923, due June 21, 1925, with 8 per cent, interest per annum from date.
 

 “3. One note for $900, dated June 21, 1923, due-June 21,1926, with 8 per cent, per annum interest from date.
 

 “4. One note for $900, dated June 21, 1923, due June 21, 1927, with 8 per cent, per annum interest from date.
 

 “5. One note for $1,000, dated June 21,1923, due June 21,1928, with 8 per cent, per annum interest from date.
 

 “6. One note for $2,560, dated June 21,1923, due June 21, 1929, with 8 per cent, per annum interest from date.
 

 “7.
 
 One.note for $6,375, dated May 16, 1922, due on or before five years after date, with 6 per cent, per annum interest from date until paid.
 

 “8. One note for $1,000, dated March 8, 1921, due on demand, with 8 per cent, per annum interest from date until paid.
 

 “9. One note for $2,500, dated September 23, 1920, due one year after date, with 8 per cent, per annum interest from maturity until paid.”
 

 The seventh note assumed by the vendee, the defendant in this suit, as a part of the consideration of said sale, is the note which Joe Graziano executed and delivered to the plaintiff May 16,1922.
 

 It appears from the record that the plaintiff and Joe Graziano are connected by marriage. Some time after Graziano had executed and delivered the note of May 16,1922, for $6,375, to the plaintiff, plaintiff permitted Graziano to use the mortgage note as collateral to secure a loan he negotiated with a man named Cogn. Graziano was then indebted to the defendant bank. Some time later Graziano needed additional funds and applied to the defendant. An agreement was reached between the then president of the defendant bank and Graziano, whereby the latter obtained a further loan from the defendant, a part of which was used by the defendant in acquiring the Gogn note for $1,000, with the mortgage note for $6,375 attached thereto as collateral. In the subsequent sale by Graziano
 
 *728
 
 to the defendant of the property heretofore described herein, the defendant assumed the payment of the sum of the Oogn note and of the $6,375 mortgage note which had been attached to it as collateral security, as a part of the purchase price of the property. After acquiring title to the said property, the defendant marked the mortgage note, the sum of which is sued for by plaintiff, as paid, and had the mortgage, with which it was identified, canceled.
 

 The defense to this suit is based solely upon an alleged oral agreement, reached prior to the execution of the authentic act by which the defendant acquired title to the Graziano property. Proof of the alleged oral agreement was objected to by counsel for the plaintiff, but was admitted by the trial judge, subject to the objection, with the statement by the court that:
 

 “The assumption to pay the note as part consideration of the purchase price of certain real estate would take precedence to any prior agreement.”
 

 There is no allegation in the pleadings of fraud or error. The defendant signed the act of sale voluntarily and went into possession of the property on the faith of that deed.
 

 “The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.” R. C. C. art. 2236 (2233).
 

 “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.” R. C. C. art. 2276 (2256).
 

 The foregoing articles of the Civil Code have been uniformly and strictly applied by this court in cases too numerous to mention here. The recently decided cases are Harris v. Chrichton, 158 La. 359, 104 So. 114; Glover v. Abney, 160 La. 175, 106 So. 735; Plaza Amusement Co. v. Rubenstein & Co., 163 La. 282, 111 So. 702.
 

 It is the unbroken rule that authentic sales cannot be attacked, except by means of a counter letter, or by interrogatories on facts and articles, or by allegation and proof of fraud or error.
 

 The note for $6,375, which was executed by Joe Graziano on May 16, 1922, and delivered to the plaintiff, as well as the act of mortgage, provided for the payment of 10 per cent, as attorney’s fees, in the event of its nonpayment at maturity, or if placed in the hands of an attorney for collection. This suit was brought before the maturity of the note, but under the facts of the case there can he no doubt of defendant’s liability for the stipulated attorney’s fees.
 

 For these reasons, it is decreed that the judgment appealed from be amended to the extent of awarding plaintiff judgment for the additional sum of 10 per cent, on $6,375, with 6 per cent, per annum interest thereon from May 16, 1922, until paid, as attorney’s fees, and, as thus amended, that the judgment be affirmed, at appellant’s cost.
 

 O’NIELL, C. J., absent, takes no part.