ROGERS, Justice.
 

 On April 18, 1935, plaintiff, Mrs. Mollie O. R. Johnson, executed before A. D. Johns, notary public in DeSoto Parish, a deed to her home place in Caddo Parish, consisting of 95.45 acres, for a recited consideration of $500 cash “and other valuable considerations,” to S. D. Johnson, her father-in-law and defendant herein. Some years prior thereto the property had been transferred to plaintiff by L. B. Johnson, her husband, in repayment of an amount in excess of $2,900 which she had received from her father’s estate and had turned over to him. In the meantime plaintiff had placed improvements on the property which cost in excess' of $1,000. This suit, which was filed in December, 1936, is to annul that sale.
 

 Plaintiff alleges that the deed was signed by her in obedience to the influence, dictation, imposition and coercion of her husband, who represented to her that for the security of her title thereto it was necessary that the title be placed temporarily in the name of her father-in-law, S. D. Johnson; that at the time she deeded the property to S. D. Johnson, her husband, L. B. Johnson was in bankruptcy and S. D. Johnson was assisting him through the bankruptcy proceedings; that her father-in-law and her husband, knowing her ignorance of law and legal proceedings, conspired and colluded to defraud her out of her said property and that plaintiff, relying on and confiding in her husband, executed the deed believing it was necessary and proper; that while the deed recited a consideration of $500 paid by S. D. Johnson to her and other valuable considerations, no such amount and no other considerations and, in fact, no consideration whatever was paid to plaintiff on account of the sale; that S. D. Johnson was not present when the deed was signed and that plaintiff remained in possession of the property, but that re
 
 *411
 
 cently S. D. Johnson and her husband, L. B. Johnson, demanded that she vacate the premises; that since the deed was executed, her husband has made a trip to Arkansas where he obtained a divorce and since his return had made a written demand on her for the delivery of the property and the store thereon, which plaintiff was induced to run and operate in her own name and had run and operated after her husband was adjudicated a bankrupt, “from which it has become apparent to petitioner that her said father-in-law, S. D. Johnson, aided and abetted by her said bankrupt husband, L. B. Johnson, is holding and intends to continue to hold said property as his own or for the use and benefit of her said husband, L. B. Johnson, and intends to beat petitioner out of said property and that said purported sale should be annulled for the reasons above set forth”; that in the event the Court should for any reason hold that plaintiff is bound by the recital in the notarial act as to the receipt of the consideration of $500, then and in that event and in the alternative, plaintiff alleges that the sale should be set aside for lesion beyond moiety. By supplemental petition plaintiff claims an additional sum of $350 for the removal from the premises of a portable sawmill and the batteries of a Delco Lighting System.
 

 Defendant answered, admitting the execution of the deed and the recital therein for a consideration of $500 and other valuable considerations, and denied generally all the other allegations of the petition. Defendant alleged that at the time of executing the deed plaintiff had been operating a store for her own account and had become involved in debt which she was unable to pay and had sent her husband, L. B. Johnson, to defendant, proposing that if he would pay the indebtedness of $1,353.25 due by her in the operation of the store and pay in cash the sum of $1,500, she would transfer to him the property now in dispute; that in accordance with the request of plaintiff’s said husband, defendant purchased the property on the terms stated; that $500 was paid in cash in advance as part payment on March 12, 1935, and that a few days after the execution of the deed defendant advanced the plaintiff, through her husband, the sum of $1,000 in cash; that defendant gave plaintiff and her husband the right to occupy the premises until January 1, 1936, on which day a rental contract was arranged whereby plaintiff’s husband paid to defendant the sum of $7.50 a month for the store and $7.50 a month for the house, and that said rental was paid up to April 1, 1936, when L. B. Johnson notified defendant that he had obtained' a divorce in the State of Arkansas against his wife, the, plaintiff herein. Defendant prayed that plaintiff’s demands be rejected and for judgment in reconvention ordering the plaintiff to vacate the premises and deliver up the possession thereof to him.
 

 The court below annulled the sale for lesion beyond moiety and 'rendered judgment subject to the right of election by defendant, within thirty days, to supplement the price of the sale by paying plain
 
 *413
 
 tiff $2,400 in cash, or to surrender the property to plaintiff, free of mortgages and other encumbrances, within that time and in that event, the $500 paid by defendant to plaintiff as the price of said property shall be delivered to defendant, and should defendant not elect to supplement the price of the sale as herein fixed, the property should become the property of plaintiff in full ownership.
 

 The defendant has appealed from this judgment, and the plaintiff has answered the appeal, asking that the sale be dissolved as alleged and prayed for and that she recover Of defendant an additional sum of $350; in the alternative, plaintiff prays that the judgment be affirmed and that the said sum of $350 be added to the amount of $2,400 decreed by the district court to be paid by defendant in the event he chooses to make up the just price for the property.
 

 The record shows that L. B. Johnson went into bankruptcy about 1932. Prior thereto he deeded to his wife by dation en paiement the property in dispute for $2,900, which was less than the amount he had received from her. He was refused his discharge and consequently, could not carry on the business in his own name. After the sale of his property in bankruptcy, his mercantile business, which had been run in his own name, was run in the name of his wife, Mrs. Mollie O. R. Johnson, plaintiff. L. B. Johnson was assisted in running the store by a young lady. His wife helped to run the farm and also looked after the property inherited from her father on which she raised cotton. S. D. Johnson, the father of L. B. Johnson, assisted his son in his bankruptcy proceedings and also furnished him money subsequent thereto. On April 18, 1935 the deed of sale under attack was executed by Mrs. Mollie O. R. Johnson. S. D. Johnson, the vendee, was not present at the sale and did not sign the deed. L. B. Johnson placed the deed of record.
 

 S. D. Johnson, the defendant, testified that the deed was executed by Mrs. Mollie O. R. Johnson, the plaintiff, in pursuance to an agreement that he had with L. B. Johnson to advance him money for the payment of the store accounts; he further testified that he advanced L. B. Johnson $500 on March 12, 1935, which was about a month before the deed was executed, and that Mrs. Johnson owed him for checks he had issued for her account during the years 1932, 1933, 1934 and January, 1935, amounting to $1,353.25; and that he gave L. B. Johnson an additional $1,000 when the deed was executed and delivered to him.
 

 Mrs. Mollie O. R. Johnson testified in substance that she knew 'nothing of any indebtedness claimed by S. D. Johnson to be due him on account of the business and knew nothing of his advancing her husband $500 before the deed was signed and an -additional $1,000 after it was signed. She further testified that while the deed recited a consideration of $500 paid by S. D. Johnson to her and other valuable considerations, no such amount and no other considerations, and in fact, no consideration whatever was received by her on account of the sale. She testified that she
 
 *415
 
 signed the deed at the request of her husband on the representation that it was necessary to protect her interests; that she was not afraid of her husband; that she was not under his influence and that he could not make her do anything that she did not want to do; that her husband did not force or make her sign the deed — that she just did it. She alleges in her petition that she executed the deed in good faith and with no knowledge that her husband was contemplating entering divorce proceedings against her at the time, and she testified that if she had known that her husband later was going to institute suit for divorce, she would not have executed the deed. Plaintiff made no attempt to .get the property back until after her husband had obtained a divorce and. after her husband and S. D. Johnson had demanded that she vacate the property, when she brought this suit.
 

 The notary, before whom the deed was executed, testified that Mrs. Mollie O. R. Johnson did not look as if she was intimidated at the time; that she satisfied him she was familiar with the instrument and knew what she was doing.
 

 The testimony on behalf of defendant is to the effect that the reason the deed was executed was ■ the fact that Mrs. Johnson had become involved in obligations as the result of the opération of the store, and, realizing that if she was sued the 200 acres of land which she had inherited from her father would be seized and sold, she preferred to sell the smaller tract to S. D. Johnson and be freed of the obligations; that by making the sale she was able to take care of these obligations and to retain all the land she inherited.
 

 There is nothing in the evidence to show that S. D. Johnson, the defendant, intimidated or deceived plaintiff. As stated, plaintiff' testified that she was not forced to make the sale; that she knew what she was doing when she made it and that she just did it.
 

 We are satisfied from our reading of the testimony that the sale from Mrs. Mollie O. R. Johnson to S. D. Johnson was not made through error or fraud; that Mrs. Johnson knew that she was transferring the property to S. D. Johnson and that she voluntarily signed the act of sale for the purposes therein expressed. We are also satisfied from the testimony that Mrs. Johnson personally did not receive any consideration for ‘the sale although her husband, L. B. Johnson, did receive checks and advances of money from his father, S. D. Johnson, from which she may have indirectly derived some' benefit. However, in the absence of any showing of fraud or error the parol evidence introduced by plaintiff and admitted upon the allegations of fraud or error was not admissible to show that the recited consideration of $500 was not received by plaintiff. The instrument sought to be annulled is in authentic form. When plaintiff signed the instrument and acknowledged the receipt of $500 cash consideration for the sale, she was bound by her written acknowledgment. Articles 2236 and 2237, Revised Civil Code; Franklin v. Sewall, 110 La. 292, 34 So. 448;
 
 *417
 
 American Homestead Co. v. Karstendiek, 111 La. 884, 35 So. 964; Locascio v. First State Bank & Trust Co., 168 La. 723, 123 So. 304; Beard v. Nunn, 172 La. 155, 133 So. 429.
 

 In the case of American Homestead Co. v. Karstendiek, the plaintiff homestead sued to recover the balance due on a promissory note executed by the defendant, Mrs. Marion M. Karstendiek, and for recognition of the vendor’s lien by which the note was secured. The defendant contended that she was induced to borrow the money by the importunities of her husband and .in order to secure peace and that it inured to his benefit. She further testified that she did not receive the proceeds of the loan. The Court found that the defendant set up in her answer that the possession of the money was secured by her husband and used by him for his own purposes and that it was shown and admitted that she was represented by her husband in. her dealings with the plaintiff save, the actual execution of the acts of sale and re-sale, and that in this transaction she was authorized by her husband. The Court held that under these circumstances, in the absence of any charge of fraud and in view of the provisions of Article 2237 of the Civil Code and several statutes which are mentioned, Mrs. Karstendiek’s acknowledgment of the receipt of the purchase price in the sale made by her was conclusive.
 

 In the case of Beard v. Nunn, plaintiff sought to annul the sale to a bank on the ground that it was not a real sale but only a pignorative contract intended as additional security to secure a loan to the bank and for which the bank had a mortgage on the land. The deed on its face was an outright sale for cash. The trial judge refused to admit parol evidence in support of plaintiff’s position. On appeal, this Court held that the ruling was correct. The Court said [page 430] : “And when the vendor acknowledges, in the very act of conveyance, the receipt of the price, tl^at is conclusive; especially as to third persons, and still more especially when that acknowledgment is by public act. R.C.C. art. 2237.” It is true that in this cited case there was no allegation of fraud or error but the decision is applicable to a case in which fraud or error is alleged but is not sustained by the evidence.
 

 In the case of Schrock v. Bolding, 171 La. 929, 132 So. 504, the Court expressly held, citing many authorities to support the holding that in the absence of fraud or error, the parties to an act of sale are not allowed to prove simulation by parol evidence, or by any other evidence other than a counter letter or something equivalent thereto. However, the Court in this case annulled the sale under attack for lesion beyond moiety.
 

 In the case of Jefferson v. Childers, 189 La. 46, 179 So. 30, cited by plaintiff, it is true that the Court annulled the act of sale on the ground that the vendee failed to pay the purchase price as recited in the instrument. But it does not appear that the admission of parol evidence to contradict the recitals of the deed was ob
 
 *419
 
 Jected to, and that the rule that in the absence of the allegations and proof of fraud and error, the acknowledgment of the purchase price made in an authentic act can not be contested, was invoked.
 

 The evidence in the cáse shows that the property involved was valued at $2,900 and hence, there is no doubt that there was lesion for less than half of the value of the property, for which the plaintiff is entitled to a judgment.
 

 Plaintiff, by supplemental petition, claimed that the defendant had moved and sold or caused to be moved a sawmill and sugarmill from the land, worth $200, and had moved from the premises the batteries of a lighting system, thereby destroying the system and damaging the property to the extent of $150, and prayed for a judgment for $350 as the value thereof. Plaintiff has also filed an answer in this Court asking that the judgment be amended so as to allow her the sum of $350 for the items claimed in her supplemental petition.
 

 The evidence shows that plaintiff did not buy the sawmill, which was a portable one, that whs merely stored and not used on the property, nor did she buy the batteries ; that these articles were not removed from the premises by S. D. Johnson .Or by his direction. Furthermore, the evidence does not show the condition and value of these articles or whether they had any value at all. Hence, we find no merit in this claim.
 

 For the reasons assigned, the judgment of the lower court is affirmed.