5 So.2d 13

**TEMPLET v. BABBITT et al.**

No. 35985.

Nov. 3, 1941.

See, also, 196 La. 303, 199 So. 127.

C. A. Blanchard, of Donaldsonville, for plaintiff and appellant.

Blum & LeBlanc, of Donaldsonville, for defendants and appellees.

ODOM, Justice.

Plaintiff alleged that, on February 6, 1939, by a "purported" act of sale in authentic form, she sold to defendants certain real property, which she described in her petition, and that the "purported consideration therein is the sum of $600.00".

Paragraph 5 of her petition reads in full as follows:

"That the purported sale is null, void and of no effect and that the same should be so declared by judgment of this Court for the following alternate reasons, to-wit:

"A. That the declaration contained in the said purported sale, to the effect that $600.00 was paid cash is an error and mistake; that in truth and in fact no consideration whatever was ever paid or received by your petitioner herein; that therefore this purported sale is null, void and of no effect for want of consideration.

"B. That the property herein sought to be conveyed had at the time of the sale, and has now, an actual valuation of over $2000.00; that the purported consideration, even if the same had been paid, is less than one-half (½) of the actual valuation of the property at the time of the purported sale and that the said purported sale is therefore null and void and of no effect, and should be rescinded and set aside on the ground of 'Lesion beyond Moiety'."

She prayed for judgment in her favor, "rescinding, setting aside, annulling and avoiding the said sale and restoring the property herein described in the name of your petitioner".

Defendants excepted to plaintiff's petition on the ground that the causes of action set forth therein were inconsistent, and that the plaintiff should be ordered to elect (1) whether she would proceed with her action to have the sale set aside because of the alleged lack of consideration or (2) whether she would proceed with her action to rescind the sale for lesion beyond moiety.

The trial judge in a written opinion expressed the view that the two demands, or causes of action, were inconsistent, and ordered plaintiff to elect.

Under protest and reserving all her rights, plaintiff elected to proceed with her action to annul the sale "on the grounds of the nonpayment of the price therein stipulated", whereupon defendants filed exceptions of no cause and no right of action. The exceptions were sustained, and plaintiff's suit was dismissed. She appealed devolutively from the two judgments—the one ordering her to elect and the one sustaining the exceptions of no cause and no right of action.

We think the judgment ordering plaintiff to elect is erroneous. It is true, as the trial judge said, that the two demands, or causes of action, set out in plaintiff's petition are inconsistent. But inconsistent causes of action may be cumulated in one action if the causes or demands are pleaded in the alternative, which was done in this case. Jurisprudence amply supports this rule. Smith v. Donnelly, 27 La.Ann. 98; Johnson v. Mayer, 30 La.Ann. 1203; Harrison v. Soulabere, 52 La.Ann. 707, 27 So. 111; Phillips v. W. T. Adams Machine Co., 52 La.Ann. 442, 27 So. 65; Nicol v.

Jacoby, 157 La. 757, 103 So. 33; Haas v. McCain, 161 La. 114, 108 So. 305; Johnson v. Johnson, 191 La. 408, 185 So. 299.

Counsel for defendants cite, and apparently rely on, the case of Barre v. Hunter, La.App., 181 So. 674. In that case, plaintiff sued to set aside a sale of real property, her primary ground for relief being that she received no consideration for the sale and that the transfer was in reality a donation. She pleaded in the alternative that, if the court should hold that she did receive a consideration, the sale was nevertheless null because the price was less than one-half the value of the land—in other words, that the sale should be set aside for lesion beyond moiety. The court held that these causes of action were utterly opposed to each other and that they could not be cumulated in the same suit, even though pleaded in the alternative. But that case is not in harmony with the established rule which prevails in this court.

Counsel for defendants cite also the case of Parker v. Talbot, 37 La.Ann. 22, where it was held that the demands for rescission of a sale of realty on account of lesion beyond moiety and on account of non-payment of the price were inconsistent and could not be cumulated in the same action. The court said:

"As to the prayer for rescission of the sale on account of nonpayment of the price, we are of opinion that such a demand cannot be cumulated with the demand for rescission on account of lesion beyond moiety. On the last mentioned ground the theory is that the sale is null ab initio; on the former the complaint is that the price of

a valid and real sale has not been paid. Hence it is clear that one demand precludes the other, and that both cannot be pressed in the same action."

It does not appear from the opinion that the two causes of action, one to set aside the sale on account of non-payment of the price and the other that the sale was null on account of lesion beyond moiety, were pleaded in the alternative. The question whether such causes may be pleaded in the alternative was not raised and was not decided by the court. The court said that one of the demands precluded the other, and "both cannot be pressed in the same action". Therefore, the court did not hold against the rule it had previously established in the cases of Smith v. Donnelly, 27 La.Ann. 98, and Johnson v. Mayer, 30 La.Ann. 1203, and its ruling is not inconsistent with the rule now generally recognized, which is that:

"Two demands that would be inconsistent if both were insisted upon are not at all inconsistent when made alternatively; that is, when the demand urged secondly is made only on the condition that the demand first made should not be granted." Haas v. McCain, supra [161 La. 114, 108 So. 306].

The ruling of the district court that plaintiff's petition set out no cause or right of action, in so far as it alleged that the sale was void and of no effect for want of consideration, is correct. Plaintiff alleged that the declaration contained in the said "purported" sale "to the effect that $600.00 was paid cash is an error and mistake; that in truth and in fact no considera-

tion whatever was ever paid or received by your petitioner herein".

Clearly, the only "error and mistake" complained of by plaintiff is that the recital in the act that $600 cash was paid as consideration for the sale is not true, for she specifically alleged that no consideration whatever was ever paid or received. She is disputing the recital of the authentic act.

She does not allege that her consent to the act or her signature thereto was procured by fraud, error, or force. She does not allege that she now holds, or that there exists, a counter-letter.

Parties to an authentic act are not permitted to deny the material recitals therein contained.

"The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery." R.C.C., Article 2236.

The word "forgery" as used in this article means "false". Succession of Tete, 7 La.Ann. 95.

"The acknowledgment of payment, made in an authentic act, can not be contested, under pretense of the exception of *non numerata pecunia, which is hereby abolished.*" R.C.C., Article 2237.

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." R.C.C., Article 2276.

■ This court has repeatedly held that the recitals of an authentic act cannot be

varied or contradicted by parol testimony; that, when a transfer of real property is evidenced by an authentic act which definitely and clearly recites that a certain specified consideration was given and received for the sale, the only method by which either party to the contract can show that no consideration, or a different consideration from the one specified, was given and received is (1) by means of a counter-letter or (2) by answers of the other party to interrogatories on facts and articles.

In Cary v. Richardson, 35 La.Ann. 505, 509, this court said:

"The rule is consecrated by law and jurisprudence that, as between the parties to a written act, the only admissible evidence to prove simulation is a counter letter, which is proof of equal dignity. * * *

"The unbending jurisprudence of this Court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence." Citing Lesseps v. Wicks, 12 La.Ann. 739, 740; Lynch v. Burr, 7 Rob. 96; Knox v. Liddell, 5 Rob. 111; Beaulieu v. Furst, 2 La.Ann. 46, 48; D'Aquin v. Barbour, 4 La.Ann. 441; Sharkey v. Wood, 5 Rob. 326, 327; Angomar v Wilson, 12 La.Ann. 857; Letchford v. Dannequin, 16 La.Ann. 149, 150.

This general rule has repeatedly been quoted and approved in later decisions.

■■ It has been repeatedly held that a vendor's acknowledgment in an authentic act of sale that he received a stipulated sum in cash as consideration of the transfer

is conclusive as to him unless he alleges, and can prove, that his consent and his signature to the act were procured by fraud, error, or force. The following cases support the above stated general rules: Forest v. Shores, 11 La. 416; Succession of Thomas, 12 Rob. 215; Anderson v. Benham, 40 La.Ann. 336, 4 So. 454; Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744, and the numerous cases there cited; Thompson v. Herring, 45 La.Ann. 991, 13 So. 398; Font v. Gulf State Land and Improvement Co., 47 La.Ann. 272, 16 So. 828; Le Bleu v. Savoie, 109 La. 680, 33 So. 729; Maskrey v. Johnson, 122 La. 791, 48 So. 266; Robinson v. Britton, 137 La. 863, 69 So. 282; Succession of Curtis, 156 La. 243, 100 So. 412; Lockwood Oil Co. v. Atkins, 158 La. 610, 104 So. 386; Hemler v. Adcock, 166 La. 704, 117 So. 781, and the cases there cited; Locascio v. First State Bank & Trust Co., 168 La. 723, 123 So. 304; Johnson v. Johnson, 191 La. 408, 185 So. 299.

For the reasons assigned, the judgment of the district court maintaining defendants' exception of no cause of action, in so far as the sale is attacked on the ground that no consideration therefor was received, is affirmed. The judgment of the district court ordering plaintiff to elect is reversed, and it is now ordered that the case be remanded to the district court, and that plaintiff be permitted to proceed with the trial of her case on the alleged cause of action that the sale should be set aside on the ground of lesion beyond moiety; all costs, including the costs of appeal, to await final results.

McCALEB, Justice (concurring).

A careful reconsideration of the jurisprudence has convinced me that the view expressed in the opinion in Barre v. Hunter, La.App., 181 So. 674 (of which I am the author), on the question of election of remedies, is technically incorrect. I am in full accord with the opinion in the case at bar.